Elkman, Appellant, *v.* Elkman.

134

Argued June 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before BOYLE, J.

*Thomas D. McBride*, with him *Victor Wright, Evelyn Milgram Trommer*, and *McBride, von Moschzisker & Bradley*, for appellant.

*Nochem S. Winnet*, with him *Fox, Rothschild, O'Brien & Frankel*, for appellee.

OPINION BY ERVIN, J., September 12, 1961:

This is an appeal from the order of the court below dismissing appellant-wife's petition for an increase in a support order for herself and two children.

The court below denied a motion for an order to allow inspection of the books of account of Elkman Construction Co. and of Sidney Elkman, Inc., two corporations solely owned by the husband.

Pa. R.C.P. No. 4009(1) provides: "Subject to the limitations provided by Rule 4007(a) and Rule 4011, the court, on the motion of a party may (1) order a

party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner of designated tangible things, including documents, papers, books, accounts, letters, photographs and objects, which are in his possession, custody or control; . . ."

Pa. R.C.P. No. 4007(a) limits the scope of discovery generally to matters which are "relevant," which "will substantially aid in . . . the trial. . . ." and the like.

Rule 4011 authorizes the court to refuse inspection where it is sought in bad faith or causes unreasonable annoyance, embarrassment, expense or oppression.

We do not believe that a case of this kind can be properly tried without the books of account. Evidently the court itself had difficulty in ascertaining the true facts. In his opinion Judge BOYLE said: "We have endeavored to properly assess the value of the testimony of the plaintiff's and defendant's accountants but were not satisfied with their accuracy. There was quite some controversy during the hearings about the net income and the net worth of the defendant for the year 1959 (the issue being the net income and net worth of defendant as of December 31, 1959). . . .

"After considering the testimony of both accountants as to the net income and net worth of the defendant, we have concluded that the estimate given by the defendant himself more nearly approaches his financial condition than that of either of the accountants."

The refusal to allow the wife's accountant access to the records, in our opinion, prevented the court from learning the true facts. One might as well ask an umpire to call strikes and balls with opaque glasses. Certainly the inspection of the books would have been of "substantial aid in the trial of the case" and we do not believe that the motion was made in bad faith. Counsel for the wife offered to protect the husband from

any undue embarrassment and we believe that he would have fully carried out his offer.

Great advances have been made in modern times to prevent a trial from being just a game of hide-and-seek. Rules have been promulgated to make each side reveal relevant evidence to the other. All of these rules are designed to make a trial a procedure for ascertaining the true facts. It is only after these facts have been ascertained that true justice can be dispensed. In a support order case the income and net worth of the defendant are most essential.

Denial of the wife's motion for inspection of the records was, in our judgment, such fundamental error as to make unnecesary any further perusal of this subject. We might point out, however, that during the trial counsel for the wife again sought inspection of the books in the following language: ". . . this is the kind of a case which requires imperatively that your Honor grant the request that we made long before this hearing that these books be made available."

The order denying plaintiff's motion for inspection of the records is reversed and the record is remanded to the court below for proceedings not inconsistent with this opinion.

---

DISSENTING OPINION BY WOODSIDE, J.:

The majority opinion in this case gives a new and almost ludicrous meaning to "fundamental error". The majority holds that the trial court, in a hearing on a petition to increase a support order, committed fundamental error by refusing permission to the wife to examine the books of corporations owned by her husband.

The Pennsylvania Rules of Civil Procedure provide that the Court *may*—not that the court must—order a party to permit the inspection of books in his possession, custody or control, providing the court considers,

not only that they are relevant, but also that they "will *substantially* aid in the trial". (Emphasis supplied.) Even if the inspection of the records would substantially aid in the trial, the trial court may refuse to permit the inspection if the inspection "causes unreasonable annoyance, embarrassment, expense or oppression."

This appeal is not from a hearing on a petition for an original support order, but from a hearing on a petition to increase an order. The issue is more limited here than in a hearing on an original order. Income tax returns of the defendant and his corporations were submitted in evidence, accountants for both sides were examined and cross-examined, and many hundreds of pages of testimony were taken.

The trial judge is in a unique position to know what additional evidence would "substantially aid" him in arriving at his decision on whether a support order should be increased. He is also in a unique position to determine whether the audit of the books of a corporation would cause the defendant "unreasonable annoyance, embarrassment, expense or oppression". These are matters within his discretion.

There is more than sufficient evidence in this case to support a conclusion that such an audit would cause unreasonable annoyance, embarrassment, expense *and* oppression. The trial court alone knows whether any evidence thus obtained would *substantially* aid him in determining what a fair order should be. How our Court can possibly arrive at a conclusion that it, rather than the trial court, should make this determination is beyond my conception. I, therefore, strongly and emphatically dissent.

WATKINS, J., joins in this dissenting opinion.