## Mammana v. Kunkel

*Charles S. Smith*, for plaintiff.
*Coffin, Grifo & DeRaymond*, for defendants.

WOODRING, J., February 7, 1966.—This case is before the court on plaintiff's petition and rule for a protective order.

Plaintiff's claim is in assumpsit for real estate commissions. The complaint alleges an oral contract. Before the expiration of 20 days after service of the complaint, defendants asked for discovery: i.e., what are the facts on which plaintiff concludes that the parties entered into an oral contract? Plaintiff answers in his brief that he "is fully aware of defendants' absolute right to take depositions of all parties and witnesses for purposes of preparation for trial, after the answer is filed".

Plaintiff has phrased the sole issue in the case as follows:

"Where the Defendants in an assumpsit action secure an Order for depositions of Plaintiff and a third party witness prior to the running of the twenty (20) days from the filing of the Complaint, are Defendants' depositions limited to those matters which will substantially aid them in the preparation of their pleadings?"

The Pennsylvania Rules of Civil Procedure Provide by rule 4007:

"(a) Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case.

"(b) The deposition may be taken without leave of court, except that leave must be obtained if notice of the taking is served by the plaintiff within twenty (20) days after commencement of the action. (Here follow two provisions, not presently applicable) ".

The effect of rule 4007 is to permit discovery by depositions for the following purposes:

(1) to establish the identity and whereabouts of witnesses; and

(2) to prove any matter which will substantially aid:

(a) in the preparation of pleadings, or

(b) in the preparation of the case for trial, or

(c) in the trial of the case.

Plaintiff relies largely, if not entirely, on the authority of Goodrich-Amram Procedural Rules Service. At page 123 of vol. 4, §4007(a)-20, the text points out that the 1951 rule permitted discovery which was "necessary" for the preparation of the pleadings. The 1954 amendments establish as the requisite standard, "substantially aid" in the preparation of the pleadings. The writer then asks, "Is there any difference, in actual practice?"

The Goodrich-Amram Commentary continues: If plaintiff doesn't need information to frame the com-

plaint, discovery will be of no value at all for this purpose (preparation of pleadings).

"It may help him enormously in preparing his case or at the trial, but that is a totally different purpose, at a totally different time in the chronology of the proceedings. How can there ever be any discovery in connection with the pleadings, unless the discovery is needed to enable the pleadings to be prepared?"

Unfortunately, rule 4007 makes no distinction in the remedies obtainable before and after the expiration of the 20-day period. Likewise, no cases are cited in support of such distinction. It may be significant that all of the cases cited in the 4007(a)-20 commentary are for the period from 1918 to 1953. If the distinction made in the text ever was the law, we gravely doubt whether it is the law in 1966, when the rules are liberally construed and broad discovery is generally permitted.

In recognition of the change in practice, President Judge Ervin, of the Superior Court, said in Elkman v. Elkman, 196 Pa. Superior Ct. 133, 173 A.2d 682:

"Great advances have been made in modern times to prevent a trial from being just a game of hide-and-seek. Rules have been promulgated to make each side reveal relevant evidence to the other. All of these rules are designed to make a trial a procedure for ascertaining the true facts. It is only after these facts have been ascertained that true justice can be dispensed. . ."

While the facts in Kline v. Baum, 86 D. & C. 51, are not entirely apposite, the application of rule 4007 is demonstrated:

"While it might be said that defendant should know or has the means of obtaining knowledge concerning this transaction, nevertheless, in order to ascertain the intention of the parties at the time of the transaction, it becomes necessary for defendant to know all of the

surrounding circumstances. The complaint does not describe in detail the circumstances of the transaction. . ."

Plaintiff argues in the case at bar that defendants participated in the negotiations and, therefore, have knowledge of the facts. Judge Barthold addressed himself to this same contention in Decker v. Pohlidal, 22 D. & C. 2d 631.

"We recognize of course that knowledge of the facts is no longer an automatic barrier to discovery and that the criterion now is, will the discovery substantially aid the inquirer?"

Both rule 4007 and the cases under it contemplate testimony which will substantially aid the inquirer in preparation or trial of the case. A careful reading of that clause reveals that the language employed describes two purposes and not one. Preparation of the case for trial is one step. Proving the case at trial is quite another. Preparation for trial commences at the onset of the case and continues until the case is attached and the jury empanelled. Prosecution of the trial or proving the case is limited to the actual trial period.

In our opinion, plaintiff's contentions are not consistent with the present trend of a broadened scope of discovery. In fact, the rules generally are to be "liberally construed to secure the just, speedy and inexpensive determination . . . ": Rule 126. Concerning rule 1017(b), Preliminary Objections, Goodrich-Amram reads, vol. 1, page 64:

"The principal changes are all directed toward one ultimate goal—reducing to the minimum the number of dilatory steps which the defendant may take prior to filing his answer to the merits".

Applying that doctrine to the instant case, we cannot approve a procedure for limited discovery at one stage of the proceedings and, thereafter, additional

382

discovery at a later date. If the matter sought to be established is admissible and permissible for any purpose, its establishment should be permitted regardless of the 20-day period. If all preliminary objections must be filed at the same time, it would seem to follow that discovery by depositions should be limited to one hearing and not extended throughout the pretrial period.

ORDER OF COURT

And now, February 7, 1966, plaintiff's rule for a protective order is discharged and the petition therefor denied and dismissed.