## Pietrak v. Kuhn

*Edwin N. Popkin*, for plaintiffs.

*William B. Moyer*, for defendants.

BECKERT, J., June 15, 1966.—The question presently before this court arises as the result of defendants' petition for a sanction order based on the alleged failure of plaintiffs to answer certain written interrogatories, four in number.

Plaintiffs contend that one of the interrogatories is premature and that before the answer to the other three are required of them, plaintiffs are entitled to have a copy of a "verbal statement" given by plaintiffs to a representative of defendants.

We will first deal with the interrogatory, which is worded as follows:

"State the names and addresses of all persons whom it is your present intention to call as witnesses at the trial of this cause".

With one minor exception, we see nothing objectionable, burdensome or contrary to the spirit of discovery contained in this interrogatory. Defendants are not requesting, or requiring, plaintiffs to commit themselves at this juncture to the position that these are the only witnesses, or that these witnesses will actually be called. See Ludwig v. Philadelphia Transportation Co., 14 D. & C. 2d 432 (1958). Nor, by this interrogatory, are plaintiffs precluded from calling a witness not previously listed in the answer to that interrogatory at the time of trial.

Plaintiffs' main point of quarrel is that the interrogatory, while being proper in form, is in fact premature and foists upon plaintiffs the duty of continu-

ally supplying additional names of witnesses, as the same may be ascertained by them, for defendants' interrogatories are "deemed continuing so as to require further answer from now to the time of trial, without further notice . . ."

As discussed in Goodrich-Am. §4007(a)-4, in the commentary section, the purpose of discovery when dealing with the subject of witnesses is twofold. The word "witness", as used in rule 4007(a), shall be applicable first to the preliminary stages of a litigation, so that all parties shall have equal access to relevant facts and equal access to all persons who may have relevant information, and then at a later date, *immediately before the trial stage*, each party should have the right to know the identity of witnesses whom the other person will call at the time of trial. This will permit adequate preparation for crossexamination or rebuttal and will prevent a trial from being just a game of hide and seek: Elkman v. Elkman, 196 Pa. Superior Ct. 133 (1961).

We, therefore, hold that plaintiffs are required to answer the above interrogatory, not, however, at this time, but at or before the date of the mandatory pretrial conference. To this end, we will construe this particular interrogatory as being continuing in nature. This is a slight deviation from Peranteau v. Ferri's Kartway, Inc., 30 D. & C. 2d 455, 13 Bucks 159 (1963), but it is pointed out that the Peranteau case was decided before mandatory pretrial conference rules were promulgated by this court. We find nothing in the discovery rules that persuade us to hold otherwise in construing this interrogatory as being continuing in nature. Pennsylvania Rule of Civil Procedure 4006, relating to the nature of the answer required to an interrogatory, states: "The interrogatories shall be answered . . . fully . . ." The very spirit of the discovery rules would dictate that an

interrogatory such as we are here dealing with should, therefore, be considered to be "continuing in nature". Nowhere do the discovery rules prohibit interrogatories from being of a continuing nature, except where it is construed that such would subject the opposing party to an unreasonable annoyance, expense or embarrassment. This we do not find to be the case.

Directing our attention to the three remaining unanswered interrogatories, all dealing with the question of liability, plaintiffs, if we correctly understand their position, contend that they should not be required to respond until such time as there is exhibited to them a statement taken from plaintiffs by an agent of defendants before plaintiffs were represented by counsel.

Judge Weinrott, of the Philadelphia court, has very recently dealt with the identical problem, Baukal v. Acme Markets, Inc., 38 D. & C. 2d 86 (1966), and commencing on page 89, he reviews the basis of our present discovery rules, which he contends, and we agree, must be read in light of the pivotal case of Hickman v. Taylor, 329 U. S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1946). It would be useless to point out the divergence of opinions that exist on this subject among the reported cases from our lower courts. See cases cited on pages 92, 93 and 94 of the Baukal case, supra. We do not feel that the purpose of rule 4011(d) was to impose a duty on a party to gather information at his time and expense and then be required to turn that information over to the adversary in order that he may prepare his case. We do, however, feel that the judgment or decision of each case must be resolved in the light of what constitutes fairness, when viewed through the facts of the case at hand.

It is here admitted that the statement was taken by defendants' agent prior to plaintiffs being represented by counsel. We do not know, in point of time, when this statement was taken in relation to the happening

of the alleged accident, or the emotional atmosphere that may have prevailed and surrounded the taking of the statement. The argument that has been advanced in this case, to the effect that if a party is truthful he will tell his attorney the same thing he told the adversary, does not strike us as being absolutely correct. We know that the most honest person may well forget details with the passage of time. Counsel for defendants, at the time of oral argument, stated that we are here dealing with defendants' investigator's written recollection of what was said in an interview with plaintiffs. If such is the case, we know that inaccuracies, or differences in emphasis, are liable to result from such a process.

The language found in Parla v. Matson Navigation Co., 28 F. R. D. 348 (1961), best summarizes the two sides of the coin now before us. There, the court, at page 349, stated:

"Particularly in the case of the statement given by a plaintiff to his adversary, there is always the danger that pre-trial inspection will afford an opportunity to tailor testimony in accordance with the prior explanation. On the other hand, where a statement is taken at or about the time of the accident, . . . and long before the institution of suit, there is the danger that defendant may have unfairly extracted damaging admissions".

Our research has revealed a case strikingly similar to the case at hand, namely, McCoy v. General Motors Corporation, 33 F. R. D. 355 (1963). In the McCoy case, the alleged accident occurred in December, 1960, and within a month plaintiff was interviewed by a representative of defendant's insurance carrier. At argument, defendant exhibited the statement to the court, and its counsel stated that it was in the handwriting of the representative. It appeared to be a verbatim statement of plaintiff, but it was not signed, nor was

any copy given to plaintiff. The complaint was filed in November, 1962. Counsel for plaintiffs advised the court that his firm was not retained until November 15, 1962. Defendant now seeks to depose plaintiff generally with regard to his claim. Defendant refuses to give plaintiff's counsel a copy of the statement prior to the deposition, contending that good cause has not been shown to warrant the production. The court exhibited its great wisdom and met the matter half way, holding that defendant should produce the statement for inspection and copying, but after the deposition had been completed. The court, in doing so, stated:

"The unsigned allegedly verbatim statement may be used to impeach plaintiff at the trial, and if plaintiff denies the statements therein, conceivably defendant could introduce its contents into evidence or the statement itself as past recollection recorded of the defendant's representative. We think plaintiff should be apprised of his allegedly verbatim written, but unsigned, statement before trial".

Therefore, it appears to us that the court, in reaching this decision, was protecting the legitimate interest of both parties: defendants' interest in determining the extent of plaintiffs' present unrefreshed recollection, and plaintiffs' interest in examining the post-accident disclosure prior to trial so that he may honestly explain any inaccuracy or errors in his present or past account of the accident. We, therefore, will adopt the thinking of the McCoy case and, accordingly, will enter the following

ORDER

And now, June 15, 1966, plaintiffs are directed to file written answer to defendants' interrogatory no. 4 on or before the scheduled date of the pretrial conference.

Plaintiffs are further ordered and directed to answer in writing defendants' interrogatories nos. 26, 28

and 29 within 30 days hereof, and defendants shall, within 10 days thereafter, furnish plaintiffs' counsel with a true and correct copy of plaintiffs' statements as procured by defendants' representative. Plaintiffs shall be permitted to inspect and copy said statement and retain a copy thereof for their file. In the event plaintiffs fail to comply with this order within the time specified herein, an appropriate sanction order shall be entered against them, pursuant to Pa. R. C. P. 4019. In the event defendants fail to produce a copy of plaintiffs' statement as directed, defendants shall be prohibited from using the answer of plaintiffs to the aforesaid interrogatories at the time of trial, or from impeaching plaintiffs' testimony at the time of trial by the use of any fact that is contained in plaintiffs' alleged statement.